UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL REHMAN, *et al.*, : | |
| : | |
| Plaintiffs : | CIVIL ACTION NO. 3:19-653 |
| : | |
| v. : | (MANNION, D.J.) |
| : | |
| ETIHAD AIRWAYS, *et al.*, : | |
| : | |
| Defendants : | |
| : | |

### ORDER

Presently before the court are two report and recommendations ("First Report" and "Second Report"), (Doc. 36; Doc. 37), of Magistrate Judge Susan E. Schwab. The First Report recommends that the motion to dismiss, (Doc. 18), filed by defendant Etihad Airways P.J.S.C. be granted and that all claims against it be dismissed for, *inter alia*, lack of personal jurisdiction. In the Second Report, Judge Schwab recommends that the motion to dismissed filed by defendant MedAire, Inc., (Doc. 20), be denied but that all claims against it nevertheless be dismissed for lack of subject matter jurisdiction. The plaintiffs Abdul Rehman and Sheikh Abdul Salam filed objections to the Reports. (Doc. 41). Based upon the court's review of the record, Judge Schwab's Reports will be **ADOPTED IN THEIR ENTIRETY**,

the objections **OVERRULED**, and the claims against both defendants **DISMISSED without prejudice**.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa.L.R.72.31.

In her First Report, Judge Schwab addresses Etihad's motion to dismiss on the basis of a lack of personal jurisdiction, a lack of standing, improper service of process, and that the claims are barred by the Montreal Convention. The First Report determines that the plaintiffs, like those in *Hashem v. Shabi*, No. 17-CV-1645, 2018 WL 3382913, at *4 (D.D.C. Apr. 26, 2018), have not met their burden of proof of establishing that their service of process complied with Rule 4 of the Federal Rules of Civil Procedure. Additionally, the plaintiffs have not introduced any evidence rebutting the affidavit Etihad submitted from a UAE attorney representing that certified mail is not an accepted method of service in the UAE.

The First Report also concludes that the court lacks personal jurisdiction over Etihad. This is because Etihad's contacts with Pennsylvania are not sufficient for general jurisdiction and, since none of the plaintiffs' claims arise out of actions Etihad performed in Pennsylvania, the court also lacks specific jurisdiction.

Finally, the First Report concludes that the plaintiffs' claims for punitive damages are barred by the Montreal Convention. Although the First Report notes it is unclear from the face of the complaint whether the court lacks

subject matter jurisdiction over the plaintiff Sheikh Abdul Salam's individual claims, Judge Schwab concludes the plaintiffs' state law claims are barred by the Montreal Convention and that they lack standing to bring a wrongful death claim for Rashida Khatoon because the laws of both Pennsylvania and New York specify that a plaintiff does not have standing to bring a wrongful death claim in an individual capacity. As a result, the First Report recommends that Etihad's motion to dismiss be granted and that leave to amend be denied on the basis of futility.

In her Second Report, Judge Schwab concludes that, contrary to MedAire's argument, the clear weight of recent case law in this Circuit indicates that Pennsylvania's general jurisdiction provision in 42 Pa.C.S. §5301 remains constitutional and that, pursuant to that statue and *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991), MedAire has indeed consented to personal jurisdiction. The Second Report also recommends that MedAire's motion to dismiss on the basis insufficient service of process be denied because the plaintiffs' service by certified mail to MedAire's performance manager in Arizona complied with Pennsylvania's rules for service of process, the plaintiffs made a good faith effort to serve MedAire, and because MedAire had actual notice of the suit.

The Second Report, however, concludes that the court lacks subject matter jurisdiction over the claims against MedAire because the plaintiffs' claims do not arise under federal law and because there is no diversity jurisdiction since the plaintiffs do not meet the amount in controversy requirement with respect to their claims against MedAire. Finally, the Second Report determines that the court lacks supplemental jurisdiction over the state law claims against MedAire because they do not arise from a common nucleus of operative facts. Accordingly, the Second Report ultimately recommends dismissal of the plaintiffs' claims against MedAire.

The plaintiffs initially filed a document that the court construed as a motion for leave to file a sur-reply to the defendants' motions to dismiss. (Doc. 38). The plaintiffs also sought and were granted an extension to file objections to the Reports. (Doc. 39; Doc. 40). The plaintiffs filed their objections on January 1, 2020. (Doc. 41). Etihad filed a response to the objections. (Doc. 42). The case was then reassigned to the undersigned and the court denied the plaintiffs' motion to file a sur-reply brief but permitted them to supplement their existing objections. (Doc. 43). The plaintiffs declined to supplement their objections.

In reviewing the plaintiffs' objections, the court notes that, while they reiterate the plaintiffs' arguments from their earlier filings, they do nothing to

convince this court it possesses personal and/or subject matter jurisdiction over the defendants. The plaintiffs' ask that the court overlook "the technicalities so fair justice can be done." (Doc. 41, at 6). However, "the pleading of jurisdiction is not a mere technicality." *Carroll v. Gen. Med. Co.*, 53 F.R.D. 349, 351 (D.Neb.1971).

> Federal Courts are courts of limited jurisdiction, and have only such jurisdiction as is conferred by Congress. Upon the pleading of jurisdiction depends the very power of a federal court to adjudicate the claim alleged. Until Jurisdiction is clear from the record any order the court may enter relating to the rights of the parties involved is void.

*Id.* As Judge Schwab aptly explained, this court lacks subject matter jurisdiction over the claims against MedAire and personal jurisdiction over Etihad.

Now, having reviewed the Reports of Judge Schwab, as well as the record and pleadings, the court finds that Judge Schwab used proper reasoning and evidence to support her Reports and arrived at legally-sound conclusions. Therefore, the court adopts the Reports of Judge Schwab as the opinions of this court and overrules the plaintiffs' objections.

Accordingly, **IT IS HEREBY ORDERED THAT**:

**(1)** Judge Schwab's Report, First Report and Second Report, (Doc. 36; Doc. 37), are **ADOPTED IN THEIR ENTIRETY**;

**(2)** The plaintiffs' objections to the Reports, (Doc. 41), are **OVERRULED**;

**(3)** Etihad's motion to dismiss, (Doc. 18), is **GRANTED**;

**(4)** MedAire's motion to dismiss for lack of personal jurisdiction and insufficient service of process, (Doc. 20), are **DENIED**;

**(5)** All claims against Etihad and MedAire in the Complaint, (Doc. 1), are **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

**(6)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 1, 2021**
19-653-02